Pearson, J.
 

 It was insisted for the defendant, that the decision of his Honor in the Court below, upon an issue on
 
 “nul tiel record,”
 
 was conclusive, and could not bé reviewed by this Court. We do not assent to the proposition, except to a qualified extent. There is a distinction between -the existence of a judgment, and its legal effect :
 
 Its existence
 
 is a matter of fact, to be judged of by inspection ; and, as is said, in one of the. old cases, the Judge
 
 *214
 
 below is presumed to have as good eye-sight as the Judges of this Court, and being a matter of fact, to be ascertained by inspection, it is admitted, his decision in regal'd to it cannot be reviewed,
 

 -
 
 Its legal effect
 
 is amarier of law; so, what amounts to a variance, is matter of law; and, as the issue involves
 
 these
 
 questions of law, although the decision is final, as to the fact, viz : the mere existence of the record, it is not so as to them. There is the same reason for revising questions of law, involved in “ issues” tried by the Court, as when they are involved in ‘‘issues” tried by Juries. For instance, an issue upon “
 
 non est factum,”
 
 Í3 submitted to the Jury; the instruction as to what is a delivering, or what would be a fatal variance, is subject to exception, and may be revised, because they are questions of law. It is not the same when an issue, upon
 
 mil tiel record,
 
 is submitted to the Court? In one case, he instructs the Jury as to the law; in the other case, he
 
 instructs himself,
 
 if I may use the expression, as to the law, and although in neither case, can this Court revise the conclusion in regard to the mere matter of fact, yet in both, an error, in regard to the law, is a ground for a bill of exception. It is idle to say, that because, in issues of one kind, the same tribunal passes upon the facts, as well as the law, therefore there is a difference ; and errors of law should not be corrected. It is believed, that the distinction above pointed out, will explain and reconcile all of the cases in our books, except the case
 
 State v Raiford, 2 Dev.
 
 214. There the Court says very truly,
 
 “
 
 The issue joined on a plea of “
 
 nultiel record,”
 
 involves a question of fact, as to the existence
 
 of
 
 a record," but the fact was not adverted to, that the issue
 
 also
 
 in
 
 voices
 
 a question of law, viz: what amounts to a variance ? for, the fact of the existence oí the record was not controverted, and the case turns upon the question of variance.
 
 *215
 
 In many subsequent cases, the distinction is adverted to, and this Court did not hesitate to review the decision of the Court below, upon questions of law,
 
 Carter
 
 v
 
 Wilson,
 
 1 Dev. and Bat. 363; same case, 2 Dev. and Bat. 276;
 
 Bond
 
 v
 
 McNider,
 
 3 Ired. 440, and many other cases, in which this Court review decisions of the Court below, as to the meaning of entries on records, their legal effect, and what amounts to a variance.
 

 The second point made by the defendant, presented a question as to the proper construction of the case sent up, and upon this we had much difficulty. The defendant, by his plea, relied on the Statute of Limitations. The plaintiffs
 
 replied,
 
 that he had issued a
 
 sci. fa.
 
 on the original judgment, to subject the defendant as bail, on which proceedings pended for several years, and finally there was a nonsuit, which proceedings were for the same cause of action, and between the same parties, and deducting the time during which said proceedings were pending, four years had not elapsed since the rendition of the original judgment. The defendant
 
 rejoined,
 
 that the
 
 sci. fa.
 
 and the proceedings mentioned were not for the same cause of action, and not between the same
 
 parties;
 
 he concludes to the country, thus tendering an issue of fact, to which the plaintiff enters a
 
 “similiter,”
 
 and the Jury were empanel-led to try the issue, “who find all of the issues in favor of the plaintiff, (by consent of the parties,) subject to the opinion of the Court upon the point of law reserved, and it was agreed, that if the Court should be of opinion with the defendant, the verdict should be set aside, and a non-suit entered.” If, “ by the point of law reserved,” reference is had to the question growing out of the plea of “
 
 nul tiel
 
 record,” which will be noticed below, we can understand it clearly, but if reference is had to any point of law reserved in regard to the matter submitted to the Jury,
 
 *216
 
 then vve confess we are at a loss to understand it; nothing was submitted to the Jury, but the mere question of fact, were the first
 
 sci. fa.,
 
 and proceeding thereon, for the same cause of action, and between the same parties, as the present
 
 sci. fa.?
 
 — the existence of the first
 
 sci. fa.
 
 and proceeding set out in the replication, being confessed. When the replication was filed, the defendant had his election to adopt one of two courses. He could rejoin “ nul tiel re^ cord,” thereby tendering an issue to be tried by the Court,, as to the existence of the first
 
 sci. fa.
 
 and the proceedings qnd judgment of nonsuit in the replication contained, which would have involved the question of their legal effect, and whether there was a variance. Or, he could rejoin, traversing the fact that the said proceedings were for the same cause of action, and between the same parties ; thus, confessing the allegation, that there were such proceedings, and making an issue to the Jury, as to whether they were for the -same cause of action, and between the same parties; he was not at liberty to do .both, for the Statute of Ann, which allows two or more “ pleas,” does not extend to lt replications” or “ rejoinders,’’and the defendant was, consequently, put to his election. He chose to rejoin, tendering an issue upon the fact of the identity of the cause of action and of the parties, so the Jury had
 
 no
 
 question of law submitted to them, — the effect oftthe record, and any question of variance being
 
 “
 
 confessed.” We can, therefore, see no ground upon which toMisturb the verdict. In the case of
 
 Carter
 
 v
 
 Wilson,
 
 1 Dev. and Bat. 365, it is said, “ the transcript sent to this Court does not set forth the replication, and we must, therefore, presume it to be the general one, according to the loose practice, in which the profession will indulge themselves.” But in this case, in regard to the rejoinder, there is no room for presumption, because the parties have filed formal pleadings, and
 
 *217
 
 the rejoinder tenders issue upon the identity of the cause of action and parties, and concludes to the country.
 

 It may be well to remark, that, ii the question of variance between the first and the present
 
 sci. fa.
 
 could be presented, we see no
 
 fatal
 
 variance. If a variance in form or recital be fatal, then the provisions to take out of the operation of the general statute eases of arrest of judgment, non-suit, &c., are nugatory ; for, if the first has no defect in form or recital, there will be no arrest of judgment or non-suit; and if there be such defect, and the
 
 second must pursue the first, to
 
 avoid a variance, then there will be the same defect, and causa for arrest of judgment or non-suit. This is absurd, and the many provisions made, to save the remedy, to such as honestly endeavor to pursue their cause of action, and are mistaken in the proper form or mode of proceeding, will be of no force or effect. Vent. Rep.'252, anon. In reply to the statute of limitations, plaintiff avers ‘-plaint in sheriff’s court, which was removed hither” with au averment, it was for the same cause of action ; “rejoinder” it was for a larger sum; demurrer, though there be a variance
 
 in the sum,
 
 yet it may be averred to be for the same cause of action, and
 
 so the Court agreed.”
 

 If the cause of action be the same, it is immateiial. that
 
 the form
 
 of action is different- as in pleading formar judg. ment in debt, as a b¿vr to an action of assumpsit on the same contract. 4 Rep. 94 b 3 Chitty Pl 929 Trespass
 
 vi and armis ds boms osportatis
 
 — non suit — trover within one year -averment for some cause of action ; good replication to the plea of the statute of limitations. 2 Sanders, Williams’ notes, 639.
 

 It remains to decide the main question in the case, which arises on the plea of “nul tiel record,” and presents the question of variance, between the original judgment in the County Court, and that recited in the present
 
 sci.
 
 fa.-—
 
 *218
 
 The record of the verdict and of the memorandum on the docket, from which to enter up a formal judgment, is in these words, “Who find, the bond declared on is the act and deed of the defendants, that the condi'ions thereof have not been performed, but broken, no payment or set oiT.— The penalty of the bond is $20,000, and assess damages .for breaches, to $4064, which is principal money, and judgment of said Court was rendered thereon, and for cost of suit.” This entry was made at May Term, 1841.
 

 The recital in the
 
 sci. fa.
 
 is in these words :
 
 “
 
 and, although the said Zaehariah Trice, at the term of the said Court of Pleas and Quarter Sessions for Orange county, held on the 4th Monday of May, 1841, by consideration and judgment of said Court, recovered against the said • James E. Norfleet, Nathaniel King and William Durham, his said debt of $20,000, and his costs in the said Court,
 
 which were taxed by the Clerk at the sum of
 
 $15 86,
 
 which sum of
 
 $20,000
 
 might be discharged by the payment of the sum of
 
 $4664,
 
 the damages assessed by .the Jury for the breaches of the conditions of the bond declared on, with interest upon the s.,me from the 18th of May,
 
 184l, which judgment is still in full force, and not paid and satisfied, as ■by the record thereof appears.”
 

 We think there is no variance. The proper judgment .in the original action was, that the plaintiff
 
 recover
 
 of the defendant the sum of $20,000, .together with his costs,— for the ¡Statute of 8 and 9 William the Third, and our Statute m the same words, Rev. Stat. ch. 31, sec. 63, expressly provides, “.That like judgment should be entered on such verdict, as heretofore hath been usually done in such like actions,” and it is settled by the authority of Sergeant Williams and the cases cited by him, Saunders’ Rep. 1 vol, 5.8 n., 2d, 187, note, that the damages assessed do not form a part of the judgment, but should be entered “at the
 
 *219
 
 foot” of the record, and be endorsed on the execution, for the guidance of the ¡Sheriff. The words of the recital, therefore, which I have put in italics, do not form a part of the judgment, and ought to have been rejected as sur-plusage — “
 
 Utile per inutile non vitiatur.”
 

 The other questions in the case were properly abandoned. The verdict concludes the questions made on the “rejoinder,” and the only question open is on the l‘plea” of
 
 “
 
 nul tiel record.” In the decision upon that, we find there is error. And the last question is. can this Court enter a final judgment for the plaintiff, or must the ease go back on this point ? After much consideration, our conclusion is, it must be sent back If a Jury find a verdict, and the case comes up on exceptions to the instructions of .the Court, and" we find there is error, the only course is to send the case back upon a
 
 venire de novo,
 
 for
 
 non
 
 constat, how the Jury will find the fact with proper instructions: so here, the Judge has found the fact as to the existence of a record, which he has sent up to us, but he came to an’ erroneous conclusion as to what amounts to a variance; for that reason we reverse the judgment rendered upon, his decision of the issue. But
 
 non constat,
 
 how the Court below will find the fact with proper instructions as to the law involved in the issue; in other words, when wé re-' verse the judgment, the issue of fact, as to the existence of the original judgment, -has not been passed on, and the case must go back for that purpose.
 

 We feel it is proper to remark, that the Courts • below should be liberal in the exercise of the discretion in allowing amendments to correct the misprisions of the Clerks, and all informal entries, when it is in advancement of substantial justice and the “ speedy decision” of cases upon their merits. This is manifestly in accordance with the intention of the Legislature, in passing the several acts
 
 *220
 
 giving power to make amendments It is known, that no persons in our country are trained by profession
 
 for Clerks,
 
 and but few, according to our present mode of appointment, remain in office long enough to acquire a thorough knowledge of the duties of the office; and for this reason, also, the members of the bar should not oppose any proper application for amendment, which does not go to the merits of the case ; for, “ if the profession will indulge themselves in the present loose practice,’’they certainly should not take advantage of this indulgence to themselves, by using it to the prejudice of third p. rsons who may be concerned in the premises. This plaintiff has been in “ hot pursuit” of his cause of action for eleven years, and “ the chase is not yet up.”
 

 There was much discussion in the argument before this Court, upon the question, whether the plaintiiF, if he recover. will be entitled to interest upon the amount of the damages assessed We have given the subject much consideration, and it may be as well to express our present impression, without, of course, meaning to decide the question definitely ; for that we are not at liberty to do The penal bond, upon which the original judgment was rendered, was not sent as a p.irt of the case, and it is not
 
 before us, so that
 
 .we can
 
 judicially
 
 know its contents. When there is a penal bond for the payment of money interest may be recovered upon the sum.-really due, up to the time of payment, even after judgment ; that is provided for by the Statute of Ann, Rev. Stat., ch. .31; see. 106, 107. But if the condition is, for the performance of some collateral act, as to execute a mortgage or deed of trust, as additional security for ihe payment of money, interest cannot be recovered upon the damages assessed, for that is regulated by the Statute 8 and 9 Will., Rev. Stat., ch. 31, sec. 63, by which it is provided,
 
 “
 
 If by reason ©f any execution
 
 *221
 
 executed, the plaintiff shall be fully paid all such
 
 damages so to be assessed,
 
 with his costs of suit and all reasonable charges and expenses for executing said execution, the body, lands and goods shall be forthwith discharged from said execution.” It may be well to add that in reversing the judgment, the only point left open is upon the plea of “
 
 nal tiel record,”
 
 and the verdict is not disturbed upon the other issues.
 

 Per- Curiam. Judgment reversed.